U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 NOV -3 PM 2:42

CLERK

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

DANIEL ZIMMER

JURY TRIAL DEMANDED

v.

CASE NO. 1:14-cv-234

UNIFUND CCR PARTNERS,
UNIFUND CCR, LLC,
PILOT RECEIVABLES
BAUER, GRAVEL, FARNUM
JOHN J. BALKUNAS JR.

# COMPLAINT

## Preliminary Statement

1. Plaintiff Daniel Zimmer seeks relief pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and the Vermont Consumer Fraud Act 9 V.S.A. § 2451 to remedy defendants' prohibited debt collection activity that both preceded and occurred contemporaneously with the filing and prosecution of a debt collection claim in Vermont Superior Court, *Unifund CCR Partners v. Daniel Zimmer.*, . *E.g.,* Collins v. Erin Capital Management, LLC, 991 F. Supp. 2d 1195, 1203-04 (S.D. Fla. 2013); Naranjo v. Universal Sur. of America, 679 F. Supp. 2d 787, 794-95 (S.D. Tex. 2010) and cases cited therein. Thomas v. Portfolio Recovery Associates, LLC, **2013 WL 4517175 (S.D.Cal.)**

2. Mr. Zimmer claims that defendants violated the FDCPA or VCPA by using false, deceptive, misleading, unconscionable means to collect the debt, and failure to validate the debt in various collection letters to Mr. Zimmer dated December 12, 2012, December 17, 2012, July 8, 2013 sent by Unifund CCR, LLC ["CCR"] on behalf of Pilot Receivables Management, LLC [PRM] and Bauer, Gravel, Farnum (BGF) above the signature of John Balkunas, Jr. [JBJ], as well as in their State Collection lawsuit complaint, documentary proof

offered therefor and in communications to third parties, including Credit Reporting Agencies. Specifically, Defendants unlawfully claimed entitlement to and sought recovery of interest and attorney's fees that were not allowed by law or contract, claimed to either own the debts or were assigned all rights thereto when no such 'ownership' or "rights" were validly transferred, made false statements, failed to provide an FDCPA-required notice, or brought suit before validating the debt, misrepresented the present owner of account and amounts claimed-owing, reported inaccurate information to Credit Reporting Agencies, produced invalid and altered assignments, filed and pursued the collection action for breach of terms on an alleged credit card account that Defendants had never seen before date of trial, and thus lacked standing and made numerous allegations through such misrepresentation which they knew were false, against Defendant whom they knew or should have known was not the obligor on the account.

3. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

<u>Background of the FDCPA</u>

4. The FDCPA was enacted because "Existing laws and procedures for redressing [consumer] injuries are inadequate to protect consumers." § 1692(b).

5. The FDCPA preempts state laws that are less protective of consumers. §1692n.

6. Attorneys were included within the FDCPA when Congress found that "[c]learly, bar associations have failed to fulfill their obligations underlying the premise of the attorney exemption [from the FDCPA]. There is no indication that this is about to change. Having undermined the basis for the exemption, attorneys cannot complain about being brought under the Act." H.R. Rep. No. 405 at 7, reprinted in 1986 U.S.C.C.A.N. at 1757. See also

Congressman Annunzio's statement on the floor of Congress at 131 Cong. Rec. at H10535.

7. The FDCPA applies to litigation activities. Heintz v. Jenkins, 514 U.S. 291, 295 (1995).

8. The FDCPA is a strict liability statute. Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).

9. Proof of only one violation is sufficient to support judgment for plaintiff. Bentley v. Great Lakes Collection Bureau, Inc., 6 F.3d 60, 62 (2d Cir. 1993); Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 133 (2d Cir. 2010).

Procedural history

10. This case was filed on November 11, 2013.

11. Trial date was set for November 3, 2014, the outcome of which is pending as of date of this complaint.

The Parties

12. Plaintiff Daniel Zimmer is a natural person who resides in Vermont.

13. Defendants' records purport to show that Daniel Zimmer had a Citibank credit card branded through AT&T upon which purchases for personal use, such as food, clothing and entertainment were made.

14. All Defendants are debt collectors for purposes of the FDCPA and/or VCPA as to the claims of Daniel Zimmer in this case.

15. Defendants regularly collect personal debts and seek judgments against natural persons.

**The State Court Complaint Was False, Deceptive Or Misleading**

16. Uni-CCR (the assignor and predecessor in interest to UNI-Partners) sued Zimmer in state court by way of a summons and complaint filed November 11, 2013, seeking to recover a judgment relating to a personal Citibank credit card account that it attributed to Zimmer.

17. On or about January 8, 2014 Plaintiff UNI-CCR filed a motion to "amend the caption" whereby UNI-Partners became the Plaintiff. The Complaint and the Amended Complaint were identical and had annexed the same exhibits.

18. The Amended Complaint stated under oath that

   a) *Citibank, N.A*, had assigned to UNI-Partners

   b) Receivables "with all rights connected therewith including the right to bring this action."

19. The chain purporting to transfer rights to this account showed that the assignor to UNI-Partners was not Citibank, the originator of the accounts but UNI-CCR, who had received assignment from Pilot Receivables Management, LLC

20. The Amended Complaint stated under oath that "copies of agreements between the parties [were] attached [t]hereto"

21. As of November 2, 2014, Plaintiff still had not received a credit card agreement which it had subpoenaed from Citibank. Trial is on November 3, 2014.

22. The Amended Complaint stated under oath that assignments "with unique identifying information for the subject account [were] attached [t]hereto"

23. The ownership-transferring documents annexed to the Complaint included a Bill of Sale from Citibank, N.A. to Pilot Receivables Management, LLC that contained no

identifying information at all; only the phrase "sell, assign, convey… the *Accounts* described in Exhibit and the final electronic file." Not even the type of accounts were described, such that one would know if they were credit card accounts, mortgage loans, auto loans, lines of credit, much less identifying information as to the subject account. Exhibit 1 contained no such identifying information either.

24. Two assignments were also produced with Complaint and the Amended Complaint which were identically worded. Each assigned "all of Assignor's rights in the Receivables… for those Receivables…" Nothing identified these Receivables as Citibank accounts at all, much less had unique identifying information in them regarding the account at issue.

25. On November 20, 2014, UNI-Partners produced what was denominated as the same Assignment from UNI-CCR to UNI-Partners as had been produced with the Complaints and with Discovery questions to Zimmer. The verbiage in this new assignment had been slightly altered in alegally-significant way to remove a fatal infirmity in its text and it had two clearly different signatures.

26. The Amended Complaint stated under oath that a variety of different amounts were purportedly owed on various dates, that some (or possibly all) included Vermont statutory prejudgment interest included from a date three years before UNI-Partners claimed ownership. No figures/amounts claimed greatly exceed 12% interest addition. Citibank had ceased charging or trying to collect any interest after the date of charge off of June 8, 2010. Some figures/amounts owed appear to approximate a contract interest of 29.99% plus a statutory interest overlap, such that an effective 42% interest was being added.

27. All collections letters referenced above contained differing and conflicting

amounts as well but none corresponded with or were reconcilable with the Complaint.

**28.** The Amended Complaint stated under oath that "despite demand there remained due and owing … $2453.22" No such demand had ever been made upon Zimmer.

**Defendants Sought Attorney's Fees Not Allowed By Law**

29. Defendants UNI-CCR and UNI-Partners, stated in their State Court complaint drafted and attested to by Defendant Balkunas, a lawyer employed by Defendant Bauer Gravel Farnum, that the agreement between the parties provided for attorney's fees.

30. Defendants' claim for attorney's fees rested initially on a generic contract that pre-dated the origination of the subject account by four years. And then Defendants, named in #28 above, failed to provide any other. McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 949-50 (9th Cir. 2011) (the presentation of generic evidence that all credit cards contain attorney's fees provisions was insufficient to avoid a violation of the FDCPA §1692f(1)).

31. Defendants did not and could not produce an agreement that governed the account in question.

32. Furthermore, whatever they originally produced or were seeking through subpoena would have been a generic credit card agreement and generic agreements do not allow for an assignee to seek attorney's fees and thus could not serve as the basis therefor in this matter. Wise v. Zwicker & Associates, PC, 2013 WL 1195555 *6 (N.D. Ohio March 22, 2013)

**Defendants Sought To Recover Excessive Or Unlawful Interest**

33. Defendants stated in their complaint that the obligation was $2,453.22 plus 12%

prejudgment interest making the total due as of October 25, 2013 $3,487.94 computed from date of charge off June 8, 2010, three years before UNI-Partners claims acquisition, in June, 2013.

34. Citibank had not charged interest from date of charge off at all. So prior to the date that UNI-Partners claimed to have acquired it in 2013, it could not legally charge interest. 15 U.S.C. 1637(b); 12 C.F.R. §226.5(b)(2)(i).

35. Defendants all included some amounts of interest not available under law or contract --Pilot Receivables in dunning letters sent by UNI-CCR Partners on Pilot's behalf on 12/12/12 and 12/17/12, and Bauer Gravel Farnum's letter (July 8, 2013) and Complaint both either above John Balkunas, Jr.'s signature or that of his legal assistant Robin Vezspremmy on behalf of UNI-CCR and UNI-Partners.

36. Seeking interest that is not allowed by law violates the FDCPA. §1692f(1). Martinez v. Albuquerque Collection Services, 867 F. Supp. 1495, 1509 (D.N.M. 1994).

**Defendants did not provide the disclosure required by §1692g**

37. The July 8, 2013 letter sent by defendant Bauer Gravel Farnum above the signature of John Balkunas or Ms. Vezspremmy (at his direction) on behalf of UNI-CCR did not disclose the amount of the debt.

38. The subject line of the July 8, 2013 letter, and virtually each paragraph thereafter gave different amounts and/or described the amounts by different and very confusing phrases, such that the amount sought from Zimmer was unascertainable.

39. Paragraph two of the July 8, 2013 letter sought payment "of the total balance, including interest and costs … within 30 days of receipt of this letter. Your failure to do so

will leave us with no recourse but to take whatever legal steps may be appropriate." This overshadowed the G-notice rights which afford Zimmer 30 days to dispute, which dispute would then trigger verification obligations and cessation of all collection effort.

40. The July 8, 2013 letter contained a threat upon suit clause in the final paragraph where it states, "[w]e are sure you will wish to avoid the added expense which would result if suit is started. Therefore, please contact me immediately."

41. The July 8, 2013 letter violated the FDCPA because it left the consumer uncertain about what to pay. "[W]hen a debt is accruing interest, a validation notice fails to correctly state the amount of the debt as required by § 1692g unless it discloses the fact that interest is accruing and informs the consumer of the applicable interest rate." Jones v. Midland Funding, LLC , 755 F. Supp. 2d 393, 397 (D. Conn. 2010), misled Zimmer as to the consequences of legal action taken, to wit: that it would (definitely) cost Zimmer more money, overshadowed the G-notice by requesting payment within 30 days or suffer the consequences.

## Claims for Relief

As a result of the foregoing acts or omissions of defendants in the collection efforts, defendants violated the FDCPA by making false or misleading representations in violation of § 1692e and , by attempting to collect amounts that were not authorized by contract or law in violation of  § 1692f(1), by misreporting information to Credit Reporting Agencies in violation of § 1692f(8) or by ineffective G-notice due to overshadowing and failing to make

the disclosures required by §1692g(a)(1).

Defendants violated the parallel provisions of the VCPA.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff $1,000 statutory damages under the FDCPA.

2. Award plaintiff such damages as are permitted by law under the VCPA.

3. Award attorney's fees and costs.

THE PLAINTIFF

C. Creek Kelsey, Esq.
Law in the Public Interest, L3C
98 Norford Lake Road
Thetford Center, VT 05075
802 649 2342/888 649 0734 (fax)
cckelseyesq@yahoo.com
cckelsey@VTConsumerAid.org
VT Lic. 3384